# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| TYRONE L. BROWN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV413-092 |
| SAVANNAH POLICE DEPARTMENT, OFFICER K. ANDERSON, DETECTIVE S. MORIN, and DISTRICT ATTORNEY LARRY CHISOLM, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Tyrone L. Brown is serving a life sentence in the Georgia State Prison for a 1991 conviction in the Superior Court of Chatham County, Georgia. He has filed a form complaint under 42 U.S.C. § 1983 challenging the State's alleged failure to comply with certain discovery obligations during the prosecution of his criminal case. (Doc. 1 at 5-6.) He claims that his "trial sentence would have been different" had the state produced this discovery to the defense. (*Id.* at 6.) Brown seeks monetary damages and any other relief to which he may be entitled. (*Id.* at 7.)

Brown's claim for monetary damages arising from alleged misconduct by the police who investigated his case and the prosecuting attorney is clearly barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. *Id.* at 484-86. Thus, *Heck* held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. In other words, he cannot use § 1983 as a tool to challenge his conviction, even if he only seeks damages. His only hope seems to lie

---

[1] This case is ripe for screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which permits a district court to dismiss *sua sponte* an IFP plaintiff's claims for failure to state a claim, before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief).

with habeas corpus, but he'd likely need to make a rather extraordinary showing considering the age of his conviction.

Even if his claim survived the *Heck* bar, it is untimely by twenty years. An action brought under 42 U.S.C. § 1983 is barred if not brought within two years after the cause of action accrues. *Thompson v. Corr. Corp. of Am.*, 485 F. App'x 345, 346-47 (11th Cir. 2012); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). Brown also fails to state a claim for relief. The district attorney is immune from civil liability.[2] Similarly, he cannot sue the police department for damages because it is not an entity capable of being sued. *See, e.g., Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992); *Foley v. Savannah Fire Dep't*, CV412-236, doc. 3 at 2 (S.D. Ga. Oct. 22, 2012). And nothing in the complaint suggests

---

[2] Larry Chisolm was not the district attorney at the time of Brown's conviction in 1991 and he has since been replaced by Meg Daly Heap. It is irrelevant for present purposes, however, because the district attorney is immune from any suit for damages. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (the Eleventh Amendment prohibits claims for damages against a state officials unless the state has waived immunity; official capacity suits against state officials are effectively suits against the state, so the same protection applies).

3

any wrongdoing on the parts of Detective Morin or Officer Anderson. (Doc. 1 at 5-6.) He has utterly failed to state any constitutional claims against them. Finally, while Brown insists that the city and county have practiced a policy of denying plaintiff his rights, he has not named the city or county as defendants. Nor, for that matter, has he offered any *facts* supporting his conclusory claim that they have purposefully instituted a policy to "deny plaintiff a Constitutional protection." (Doc. 1 at 6.)

For all of the reasons explained above, Brown's § 1983 action should be **DISMISSED**. His motions for appointment of counsel (docs. 2 and 9) are **DENIED**. Finally, he must pay the Court's filing fee. Based upon his furnished information, he owes no partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's account custodian, however, shall set aside 20 percent of all future deposits to the account and forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, Brown's present custodian shall forward a copy of this Order and all financial information

concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this __5th__ day of December, 2013.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA